Judge Lane
delivered the opinion of the court:
29 Ohio Stat. 162, forbids, under a penalty, any tavern-keeper or retailer from keeping, or permitting to be kept, a nine-pin alley in the building occupied for that purpose; can a carpenter, knowing the object, recover the price of erecting it?
The principle is of general application that contracts contrary to sound morals, public policy, or forbidden by law, will not be *451 executed by courts of justice. Although the rule is plain and definite, difficulties sometimes arise in its practical application. If an improper use be made of goods innocently sold, or if the results of honest labor be devoted to improper purposes, the agent- or the vendee ought not to be visited with the penalty; yet if they intend to assist it in the illegal act, they are parties to its unlawfulness, and deserve no aid from the law.
For the purpose of drawing the line between fraud and innocency, the plaintiff proposes as a test to inquire if the plaintiff derives any benefit from the unlawful use of the goods, or appropriation of the fruits of labor. In our opinion a better rule may be found, more conformable to sound morality, and sufficiently accurate for practical application. If one intend to aid another in an illegal object, he shall not be assisted by the law: as if he sells goods packed in a particular form for the purpose of being smuggled. 1 B. & P. 551. Nor the price of drugs, for the purpose of being illegally used in beer. 1 M. & S. 593. And if knowing the purpose, and having the ability, he do not prevent it, he is deemed to intend it, as in the late case of lodgings let, Abbot held a weekly rent was not recoverable after the landlord knew they were used for prostitution. 21 Comb. 430. And a man is deemed to ^intend the thing he sells or makes shall be ap- [445 propriated to its ordinary use. If that ordinary use be innocent, he is not chargeable with a subsequent misapplication. If a carpenter build a house, he is not to be presumed to do it for bad purposes; or if a blacksmith sell an ax, he is not to be held privy to a blow which may be struck without proof of design. Yet even here, if he intend to build a brothel or to assist in a burglary, he ought not to have the fruits of his labor. And if the ordinary use of the thing produced be illegal, he must be taken as intending the use, and as privy to the illegality, and therefore entitled to no benefit for his labor.
Such is the condition of this plaintiff. He assisted in constructing a nine-pin alley appurtenant to a coffee-house. It is an erection sui generis, whose ordinary use in such a place is unlawful. It was right for the court to charge the jury he could not recover for this work.