[No. 12870.   Department Two.   November 17, 1915.]

## CHARLES U. G. ROWLAND et al., Respondents, v. M. V. SNYDER, Appellant.[1]

INTOXICATING LIQUORS—ILLEGAL SALES—RETAIL SALES BY WHOLE-SALER—STATUTES—EFFECT.   Rem. & Bal. Code, § 6282, prohibiting a wholesale liquor dealer from selling at retail or having any interest in any retail liquor store, does not make his sales at wholesale illegal or unenforcible, although he violates the statute by keeping a retail store; since it is the retail selling and not sales at wholesale that are prohibited.

SAME—ILLEGAL SALES—ACTION FOR PRICE.   Where, for a period of years, defendant had been purchasing liquor from the plaintiffs at wholesale in quantities of five gallons or more, and had given notes in settlement and paid part of the notes, the inclusion of one item for less than five gallons, even if contrary to law, would not affect the validity of the remainder of the transaction.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered February 8, 1915, upon findings in favor of the plaintiffs, in an action on promissory notes and an open account, tried to the court. Affirmed.

*F. R. Conway*, for appellant.
*W. H. Abel* and *A. M. Abel*, for respondents.

HOLCOMB, J.—Respondents sued to recover upon two notes and an open account. Appellant denied the consideration for the notes, and affirmatively alleged, in effect, that the greater part of the consideration was for intoxicating liquors sold him by respondents in quantities of five gallons or more, but that a small portion of the consideration was for a quantity less than five gallons of liquor, and that during the time of such sales and when the notes were given and the open account incurred, respondents were engaged in and conducting both a wholesale and retail liquor business in the city of Tacoma, contrary to law.

[1]Reported in 152 Pac. 690.

The established facts are, in substance, these: At all times during the transactions between the parties, respondents were conducting a wholesale liquor house and business in Tacoma. In the same building they conducted a retail liquor house, licensed by the city of Tacoma. Appellant, during part of the time, ran two saloons, and the rest of the time one saloon, at Aberdeen. He purchased part of his liquors from respondents. He would order from Aberdeen, and the goods were shipped from Tacoma to him. In every instance the sales were in bulk in the original package. In one instance the sale was of a quantity of four and one-half gallons of whisky. After these dealings had extended over a period of years and the unpaid account was considerable, appellant gave a series of notes. He paid the first note maturing, and meanwhile incurred another open account. The sale of the four and one-half gallons of whisky on June 3, 1912, was considered a wholesale transaction because this liquor was intended for resale by the buyer. The trial court refused recovery for this item, as having been a retail sale. Respondents conducted their wholesale liquor warehouse at 1122-1124 Commerce street, and on the opposite side of the street at No. 1149, they had a storeroom, running through to 1150 Pacific avenue, connected by a stairway, in which place they have their retail store and carry on their business. Respondents were licensed to carry on a wholesale liquor business.

It is provided by Laws of 1909, p. 182, Rem. & Bal. Code, § 6282, that:

"From and after the thirty-first day of December, 1909, it shall be unlawful for any person, persons, firm or corporation engaged in the manufacture, rectifying or bottling of spirituous, fermented malt or other intoxicating liquors or engaged in buying, selling or disposing of the same in quantities of five gallons or more to own all or any part of or to have any interest in the liquor, stock, fixtures or equipment of any kind whatsoever of any retail liquor store or to pay, advance or loan or become surety for the payment of any

other person of the license fee required by any state law or city charter or ordinance, or to hire, engage or employ, directly or indirectly, any person, persons, firm or corporation to manage, conduct, control or operate a place where intoxicating liquors are sold at retail, to wit: in less than five gallons at a time or to sign or become surety on any bond required by law of a retail liquor dealer."

Violation of this act is a misdemeanor. The title of the act is as follows:

"An act to prohibit any manufacturer or wholesale dealer in intoxicating liquor from owning, operating or having any financial interest in any saloon or other retail liquor store or in any retail liquor license in the state of Washington or to become surety on any liquor dealer's bond and providing penalties for violation thereof."

Appellant contends that, since respondents were engaged in the retail liquor business as well as in the wholesale business, their wholesale business was illegal, and that therefore their sales were illegal, and that appellant's notes and the open account were illegal contracts and cannot be enforced. The act does not prohibit the wholesale dealing. It prohibits retail dealing. Sales at wholesale would therefore be legal. To make a contract illegal it must appear that the contract or transaction upon which the action was based was prohibited by law. *Larned v. Andrews*, 106 Mass. 435, 8 Am. Rep. 346.

Appellant admits that no case exactly in point on such a statute could be found, but cites texts and cases generally to the point that, where one furnishes goods, material, supplies, or labor, knowing that same were intended for illegal use, there could be no recovery: *Spurgeon v. McElwain*, 6 Ohio 442, 27 Am. Dec. 266; *Hazelton v. Sheckells*, 202 U. S. 71; *Hodgson v. Temple*, 5 Taunt. (Eng.) 181; *Miller v. Ammon*, 145 U. S. 421; *Grover v. Zook*, 44 Wash. 489, 87 Pac. 638, 120 Am. St. 1012, 7 L. R. A. (N. S.) 582; *Deaton v. Lawson*, 40 Wash. 486, 82 Pac. 879, 111 Am. St. 922, 2 L. R. A. (N. S.) 392; *St. Louis Fair Ass'n v. Carmody*, 151 Mo. 566, 52

S. W. 365, 74 Am. St. 571; *Levy v. Kansas City*, 168 Fed. 524, 22 L. R. A. (N. S.) 862.

None of the cases are even analogous. Had the respondents sold liquors without a license to sell as sold, and attempted to collect the price thereof, there are many authorities that no recovery could be allowed. Had respondents knowingly sold appellant liquors for illegal use, his authorities and his argument would probably be apt. But that situation does not exist here. Respondents were licensed and legally authorized to sell liquors in quantities of not less than five gallons at any one time. Appellant was, for all that appears to the contrary, licensed and legally authorized to buy and dispose of the goods: He did so, received the benefit thereof, voluntarily gave his notes expressly agreeing to pay for a large part thereof, and did so, ordered and received other goods, impliedly promising to pay therefor, and did in part. There is no element of illegality in the transactions.

The four and a half gallon sale of whisky disallowed by the court may have been prohibited and illegal. It is not now necessary for us to determine. But, if so, it was easily separable from the other sales, and was so small and unimportant a part of the entire transactions that its inclusion will not render the remainder illegal. 15 Am. & Eng. Ency. Law (2d ed.) 990.

Judgment affirmed.

Morris, C. J., Parker, Mount, and Main, JJ., concur.